IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTIAN T. POWELL, #B86427,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-01696-SMY |
| | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| **JOHN DOE 1 (Health Serv. Adm'r.),** | ) |
| **JOHN DOE 2 (Med. Grievances),** | ) |
| **JOHN DOE 3 (Dr./ Nurse Practitioner), and** | ) |
| **JOHN DOE 4 (Med. Furlough Coord.),** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Plaintiff Christian T. Powell, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims defendants were deliberately indifferent to multiple serious medical conditions during his incarceration at Menard Correctional Center and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

The Court requires a plaintiff to fully and accurately disclose his litigation history in the Complaint. To that end, the Court's Complaint form directed Plaintiff to describe each of his previous lawsuits, "including those that resulted in the assessment of a 'strike' under 28 U.S.C.

1

§ 1915(g)." (Doc. 1, p. 3). He was also warned, "FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING 'STRIKES,' MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION." *Id.*

Plaintiff appears to have listed his prior lawsuits. However, he falsely claimed *Powell v. Wills*, Case No. 23-cv-1644-GCS (S.D. Ill. dismissed Feb. 27, 2024) was "dismissed for not stating a claim, but NO strike." (Doc. 1, p. 4). To the contrary, this Court clearly informed Plaintiff the dismissal of No. 23-cv-1644 resulted in a "strike:"

> Plaintiff's First Amended Complaint is **DISMISSED** with prejudice for failure to state a claim. The dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

*Powell v. Wills*, Case No. 23-cv-1644-GCS (S.D. Ill., Feb. 27, 2024) (Memorandum and Order dismissing case, Doc. 14).

The Court relies on a party's litigation history listed in the Complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g). As such, reliable information about prior lawsuits is necessary. If a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal); *see also Payton v. Kram*, No. 22-2212, 2024 WL 123453, at *2 (7th Cir. Jan. 11, 2024) (court can take judicial notice of plaintiff's prior cases). Here, Plaintiff falsified his litigation history, claiming a dismissal was not a strike when in fact it was. Therefore, the Court concludes that dismissal of this action is an appropriate sanction.

## Disposition

This case is **DISMISSED** with prejudice because Plaintiff falsified his litigation history.

The Court does not count the dismissal of *this* case as a "strike." The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: March 3, 2026**

*s/ Staci M. Yandle*
**STACI M. YANDLE
Chief U.S. District Judge**